IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In re:                                    )
                                          )
MACCO PROPERTIES, INC., et al[1]          )            BK 10-16682-NLJ
                                          )            Chapter 11
        Debtor,                           )            Jointly Administered


*TRUSTEE'S MOTION TO SELL MEMBERSHIP INTERESTS IN*
*SEP RIVERPARK PLAZA, LLC AND JU VILLA DEL MAR APARTMENTS, LLC*
*PURSUANT TO 11 U.S.C. § 363(b)*

Michael E. Deeba, Chapter 11 Trustee of the Bankruptcy Estate of Macco

Properties, Inc., ("Trustee"), hereby moves the Court pursuant to 11 U.S.C. § 363(b) and

Fed. R. Bank. P. 6004 and 9014 to sell all of Debtor's *Membership Interest*s in SEP

Riverpark Plaza, L.L.C., an Oklahoma limited liability company ("Riverpark") and  JU Villa

Del Mar Apartments, L.L.C., an Oklahoma limited liability company ("Villa Del Mar"), ("*the*

*Property*"), subject to all debts, liens, claims and encumbrances of said limited liability

companies pursuant to a *Purchase Agreement* entered into between the Trustee, on behalf

of  Macco, as *Seller*, and 250 West, LLC ("250 West") and Jennifer Price, ("Price"), or their

Assignees, as *Buyers* on March 11, 2013. In support of this *Motion*, the Trustee shows the

Court as follows:

1.      The Court has jurisdiction over this *Motion* pursuant to 28 U.S.C. § 1334,

which is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of this

proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      On November 2, 2010, the Debtor filed its *Voluntary Petition* for relief under

---

[1] The affiliated Debtors are Macco Properties, Inc.;  NV Brooks Apartments, LLC (10-16503); JU Villa Del Mar Apartments, LLC (10-16842); and SEP Riverpark Plaza, LLC (10-16832).

Chapter 11 of the United States Bankruptcy Code, 11 U.S.C.

3.    On May 31, 2011, the Bankruptcy Court entered its *Order Approving the Appointment of Chapter 11 Trustee* appointing Michael E. Deeba as Trustee of the Estate of the Bankruptcy Estate of Macco. [Doc. No. 182].  From the date of his appointment, May 31, 2011, to the present time, the Trustee has been performing the duties of a Trustee pursuant to 11 U.S.C. §§ 704(a) and 1106(a).

4.    Macco is the 100% owner/member of Riverpark and Villa Del Mar.  Pursuant to the Oklahoma Limited Liability Company Act, 18 O.S. § 2032, Macco's *Membership Interest* in Riverpark and Villa Del Mar constitutes the Personal Property of the member. Upon Macco's bankruptcy filing, it effectively transferred its *Membership Interests* to the Bankruptcy Estate.  11 U.S.C. § 541(a)(1) provides, in pertinent part: "the commencement of the case...creates an estate.  Such estate is comprised of...all legal or equitable interest of the debtor in property as of the commencement of the case".  Thus, Macco's entire *Membership Interests* in Riverpark and Villa Del Mar passed to the bankruptcy estate and the Trustee became a substituted member.  See *e.g. In re Albright,* 291 B.R. 538 (Bankr. D. CO 2003); *In re McCabe,* 345 B.R. 1 (D. MA 2006); *In re Modanno,* 412 B.R. 715 (Bankr. D. MD 2006).

5.    The Trustee has obtained an offer from *Buyers* to purchase *the Property* as described herein for the aggregate sum of Seven Hundred Fifty Thousand Dollars ($750,000.00) in cash, and other consideration specified in this *Motion*, subject to all claims, debts, liabilities, taxes, obligations, liens, security interests and mortgages owed by Riverpark and Villa Del Mar, including the first priority mortgages on the real property

2

owned by Riverpark and Villa Del Mar held by FAA Credit Union and a second priority mortgage on property owned by Riverpark in favor of All American Bank. The Trustee, on behalf of Macco, and *Buyers* have entered into a *Purchase Agreement*, a copy of which is attached hereto and marked as Exhibit "1" to this *Motion.* Under the terms of the *Purchase Agreement*, the transaction is required to close on or before May 11, 2013.[2]

6.    The Trustee, on behalf of Macco, and *Buyers* have agreed that the *Purchase Agreement* and documents to be executed in conjunction therewith are conditioned upon the Bankruptcy Court authorizing and approving the *Purchase Agreement* and the associated documents. While a complete copy of the *Purchase Agreement* is attached hereto, the *Purchase Agreement* generally provides for the following:

(a)    *Buyers* will pay to the Trustee, on behalf of the Bankruptcy Estate, the sum of Seven Hundred Fifty Thousand Dollars ($750,000.00) in cash at closing. A deposit of Three Hundred Thousand Dollars ($300,000.00) has been made by the *Buyers* to be held by the *Seller* in escrow to be applied to the Purchase Price, at the closing, or as otherwise provided in the Agreement.

(b)    The Trustee, on behalf of Macco, will convey all *Membership Interest*s in Riverpark and Villa Del Mar, subject to any and all claims, debts, liabilities, encumbrances, liens, security interests, and mortgages owed by Riverpark and Villa Del Mar, to the *Buyers* at closing.

(c)    At closing, *Buyers* will deliver to *Seller* a Release of Claims in a form acceptable to *Seller*, by which FAA Credit Union, the holder of mortgages, security interests or liens on properties owned by Riverpark and Villa Del Mar, releases all claims, debts, and liabilities, including any deficiencies, which FAA Credit Union may have against the *Seller*, the Trustee and the Bankruptcy Estate in Macco's capacity as a guarantor of any liabilities of Riverpark and Villa Del Mar. If this

---

[2]Although the Executed Purchase Agreement states that May 11, 2013 shall be the date of closing, the parties announced in open court that the date shall be changed to May 10, 2013 due to May 11, 2013 being a Saturday.

condition cannot be met, this *Agreement* will be null and void and the earnest money will be forfeited to the *Seller*.

(d)    At closing, *Buyers* will deliver to *Seller* a Release of Claims in a form acceptable to *Seller*, by which All American Bank, the holder of a mortgage, security interest or lien on property owned by Riverpark, releases all claims, debts and liabilities, including any deficiencies, which All American Bank may have against the *Seller*, the Trustee and the Bankruptcy Estate in Macco's capacity as a guarantor of any liabilities of Riverpark. If this condition cannot be met, then this *Agreement* will be null and void and the earnest money will be forfeited to the *Seller*.

(e)    At closing, Riverpark, Villa Del Mar and *Buyers* shall deliver to the *Seller* Releases in a form acceptable to *Seller* by which Riverpark and Villa Del Mar do hereby release, acquit and forever discharge Michael E. Deeba, Trustee of the Bankruptcy Estate of Macco Properties, Inc., and the Bankruptcy Estate of Macco Properties, Inc.,their agents, servants, employees and attorneys of and from all claims, debts, liabilities and demands whatsoever, whether in contract or in tort, both known and unknown, whether direct of contingent, which Riverpark, Villa Del Mar and *Buyers*, their agents, servants, employees, affiliates, successors, assignors, or successors or predecessors in interests, may have against the Trustee, Michael E. Deeba, Macco Properties, Inc., and/or the Bankruptcy Estate, their agents, servants, employees or attorneys including claims for actual, compensatory, punitive or damages of any kind, attorneys fees, interests and costs; provided, however, that nothing shall be deemed to release the Trustee, Michael E. Deeba, Macco Properties, Inc., and the Bankruptcy Estate of Macco Properties, Inc., their agents, servants, employees, and attorneys from any gross negligence or willful misconduct in the management of Riverpark and Villa Del Mar, or the properties owned by them following the appointment of the Trustee on May 31. 2011.

(f)    The Membership Interests in Riverpark and Villa Del Mar are being sold by the Trustee **"AS IS - WHERE IS"** without any representation or warranty as to the membership interest or any real and personal property owned by Riverpark and Villa Del Mar.

7.    11 U.S.C. § 363(b)(1) provides that "the Trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the Estate".

4

8.    Pursuant to Fed. R. Bank. P. 6004(f)(1), sales of property outside the ordinary course of business may be by private sale or public auction.  The Trustee has determined that the sale of the *Membership Interests* of Riverpark and Villa Del Mar proposed under this *Motion* will enable the Trustee to obtain the highest and best value therefore, thereby maximizing the value of the assets to the Estate.  In essence, the sale proposed hereunder will pay to the Trustee the "equity" in the combined *Membership Interests* being sold and avoid the expense to the Bankruptcy Estate of the sale of individual assets and the payment of any secured claims thereon.  This is ***not*** a sale free and clear of liens and encumbrances.  Furthermore, under the terms of the *Purchase Agreement* if any creditor of Riverpark and Villa Del Mar whose obligation is guaranteed by Macco does not release the Trustee and the Bankruptcy Estate of any claim, the *Purchase Agreement* will be null and void and the $300,000.00 earnest money will be forfeited

9.    The Trustee believes that this offer is reasonable, is in the best interest of the Bankruptcy Estate and should be approved.

WHEREFORE, Michael E. Deeba, Chapter 11 Trustee of the Bankruptcy Estate of Macco Properties, Inc., respectfully requests that the Court enter an Order approving the *Purchase Agreement* attached as Exhibit "1" to this *Motion* and authorize the Trustee to sell all of Macco Properties, Inc.'s *Membership Interests* in SEP Riverpark Apartments, L.L.C. and JU Villa Del Mar Apartments, L.L.C.,  pursuant to 11 U.S.C. § 363(b); and that the Court grant the Trustee such other and further relief as to which this Court deems just and proper under the circumstances.

5

Respectfully submitted,

*/s/ Janice D. Loyd*
**JANICE D. LOYD, OBA #11910**
**JAMES H. BELLINGHAM, OBA #0682**
**CHRISTOPHER T. STEIN, OBA #18844**
**BELLINGHAM & LOYD, P.C.**
620 North Robinson, Suite 207
Oklahoma City, OK 73102-6217
(405)235-9371    (405)232-1003(FAX)
jdltrustee@bellinghamloyd.com
jbellingham@bellinghamloyd.com
steinlawfirm@hotmail.com
ATTORNEYS FOR MICHAEL E. DEEBA,
CHAPTER 11 TRUSTEE OF
MACCO PROPERTIES, INC.

## CERTIFICATE OF SERVICE

This is to certify that on the 14th day of March, 2013, a true and correct copy of the *Trustee's Motion to Sell Membership Interests in SEP Riverpark Plaza, LLC and JU Villa Del Mar Apartments, LLC Pursuant to 11 U.S.C. § 363(b)* was mailed via U.S. Mail, First Class, postage prepaid, to the mailing matrixes attached hereto.

/s/ Janice D. Loyd
**JANICE D. LOYD, OBA #11910**
**JAMES H. BELLINGHAM, OBA #0682**
**CHRISTOPHER T. STEIN, OBA #18844**
**BELLINGHAM & LOYD, P.C.**
620 North Robinson, Suite 207
Oklahoma City, OK 73102-6217
(405)235-9371    (405)232-1003(FAX)
jdltrustee@bellinghamloyd.com
jbellingham@bellinghamloyd.com
steinlawfirm@hotmail.com
ATTORNEYS FOR MICHAEL E. DEEBA,
CHAPTER 11 TRUSTEE OF
MACCO PROPERTIES, INC.

6