## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MACCO PROPERTIES, INC., | ) | Case No. 10-16682-R |
| | ) | Chapter 7 |
| | ) | |
| NV BROOKS APARTMENTS, LLC, | ) | Case No. 10-16503-R |
| | ) | Chapter 7 |
| Debtors. | ) | (Jointly Administered) |

### ORDER DENYING MOTION TO STRIKE SUPPLEMENT

Before the Court is the Motion to Strike Supplement (Doc. 2357) filed by Lew McGinnis and Jennifer Price ("Movants") in which they ask the Court to strike the Supplement to Application of Chapter 11 Trustee for Approval of Final Fees for Chapter 11 Trustee (Doc. 2342) as amended (Doc. 2352) (the "Supplement"). The applicant, Chapter 11 Trustee Michael E. Deeba ("Trustee"), filed his response (Doc. 2371), and the matter is ripe for determination.

On January 31, 2014, following conversion of these cases, Trustee timely filed his final application for compensation for his services as Chapter 11 Trustee. In his application, as well as in two supplements, Trustee reserved the right to "seek the full amount of [Section 326] compensation to which the Trustee would otherwise be entitled in the amount of $623,068.36."[1] A hearing on Trustee's application commenced on January 20, 2015, and at that time, Trustee's expert witness, David Payne, testified that Trustee had omitted approximately $4 million from the base upon which he derived his Section 326 compensation

---

[1] Trustee Exhibit ("TRX") 177 at 10.

figure.  The omitted disbursements were made to MACCO's creditors from the proceeds of Trustee's sale of MA Cedar Lake Apartments, LLC and Holbrook Shopping Center, LLC.  Mr. Payne also pointed out certain mathematical and transposition errors which, when corrected, added another $7,022.23 to the total disbursement base.  Based on that testimony, elicited in Trustee's case in chief, the Court and Movants had notice that Trustee had understated the Section 326 base by $4,177,295.27.  In the Supplement filed on January 25, 2015, Trustee added $4,177,295.27 to his disbursement base, and calculated the maximum compensation permitted under Section 326 as $1,487,910.00.  After deducting compensation paid under prior orders, Trustee requests allowance of a final fee award in the amount of $748,387.22.

Movants contend that: (1) the Supplement is an untimely attempt to assert a new administrative expense claim; (2) filing the Supplement in the rebuttal phase of the trial deprived Movants of notice and an opportunity to challenge the amount sought in the Supplement; (3) the Supplement constituted improper rebuttal; and (4) it was manifestly unfair to allow Trustee to increase the amount of Section 326 compensation.  No other party in interest has objected to the Supplement or joined Movants' motion to strike.

As an initial matter, the Court finds that the Supplement is technically an amendment to the fee application rather than a true supplement.  Supplemental pleadings relate to requests for relief for "any transaction, occurrence, or event that happened after the date of

the pleading to be supplemented."[2] The recalculated Section 326 compensation is based upon sales transactions and disbursements made *prior to* the date the original fee application was filed.

Courts have wide discretion in determining whether to permit parties to amend their pleadings to conform to the evidence admitted at trial.[3] Although Rule 15 of the Federal Rules of Civil Procedure has not been made applicable to contested matters, subsection (b) of the Rule – and cases interpreting it – provide guidance as to the attitude courts should take in considering amendments made to pleadings during trial.[4] Rule 15(b) states:

> If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should *freely* permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.[5]

The Court finds and concludes that (1) the Supplement does not constitute a "new fee application" barred by the administrative claims bar date because Trustee's timely-filed fee application, as supplemented, clearly disclosed that he reserved the right to seek the full

---

[2] Fed. R. Civ. P. 15(d).

[3] See, e.g., Vermont Plastics, Inc. v. Brine, Inc., 79 F.3d 272, 279 (2d Cir. 1996).

[4] Bankruptcy Rule 7015 provides that Rule 15 of the Federal Rules of Civil Procedure applies to adversary proceedings. Bankruptcy Rule 9014, the rule that governs contested matters, incorporates by reference some of the rules applicable to adversary proceedings, but not Rule 7015. Courts have invoked principles of the rule by analogy to amendments made during trial of contested matters.

[5] Fed. R. Civ. P. 15(b)(1).

compensation calculated under Section 326;[6] (2) Mr. Payne's testimony disclosing additional qualifying (in his opinion) disbursements occurred on the first day of a five-day trial, affording Movants ample opportunity to examine both Mr. Payne and Trustee about such disbursements; (3) Movants did in fact examine Trustee regarding the omitted disbursements during the rebuttal phase of the trial; (4) pleadings filed in the case (*i.e.*, reports of sales) and exhibits exchanged in advance of trial fully disclosed the omitted disbursements, and Movants do not dispute that the disbursements were actually made; (5) although Movants did not ask for a continuance, the Court allowed Movants seven days to file a motion to strike the Supplement and to fully brief and argue the matter; and (6) in their motion to strike, Movants fail to articulate how they were prejudiced in presenting their objection to Trustee's fees by Trustee's amendment to his Section 326 calculation based on the evidence presented at trial.[7]

Trustee is not advancing a new theory of recovery or relying on facts not known to Movants prior to trial. Trustee merely corrected an error he made in failing to include the

---

[6]Movants cited an unpublished case, Gash v. Client Services, Inc., No. 13-1138 (10th Cir. Dec. 10, 2013), for the proposition that a supplement to a fee request containing "new work previously unmentioned" was actually an untimely new motion rather than a supplement that related back to a timely-filed fee application. The Gash case is distinguishable on its obscure set of facts, and therefore has no persuasive value in this case.

[7]Movants fail to point to any witness or piece of evidence or argument they were deprived of presenting in opposition to the recalculated Section 326 compensation. Movants only allege that if Trustee is allowed to amend, he may be awarded a higher fee, and their share of the estate will be less than it would be if Trustee were not allowed to amend. However, prejudice, in this context, means unfair surprise and lack of opportunity to fairly confront the evidence, which Movants have not established.

distribution of proceeds from two sales transactions in his Section 326 analysis. Movants cannot claim surprise or prejudice, as the omitted disbursements were duly disclosed in reports Trustee filed with the Court, and presented by Mr. Payne in the first hours of the multi-day trial. In any event, the amount of fees to be awarded to Trustee will be determined by the Court in light of all the evidence presented.[8] Allowing Trustee to recalculate the Section 326 compensation based on the evidence will aid the Court in ruling on the merits. Accordingly, the Motion to Strike Supplement is denied.

    **SO ORDERED** this 10th day of September, 2015.

*/s/ Dana L. Rasure*
DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE

---

[8] Under Rule 54(c) of the Federal Rules of Civil Procedure, made applicable to contested matters by Bankruptcy Rules 7054 and 9014(c), the Court "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." See also Pro-Pac, Inc. v. WOW Logistics Co., 721 F.3d 781, 785 (7th Cir. 2013) (the bankruptcy court did not need to apply Rule 15 to determine whether party could amend after trial to assert a claim for unjust enrichment based on the evidence presented; under Rule 54(c), "[p]revailing parties get the relief to which they are entitled, no matter what they ask for.") (internal quotation marks and citation omitted).