UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MACCO PROPERTIES, INC., | ) | Case No. 10-16682-R |
| | ) | Chapter 7 |
| | ) | |
| NV BROOKS APARTMENTS, LLC, | ) | Case No. 10-16503-R |
| | ) | Chapter 7 |
| Debtors. | ) | (Jointly Administered) |

**ORDER GRANTING AMENDED MOTION FOR ALLOWANCE OF
FEES AND EXPENSES BY ATTORNEYS FOR [CHAPTER 7] TRUSTEE**

Before the Court is the Amended Motion for Allowance of Fees and Expenses by Attorneys for [Chapter 7] Trustee (Doc. 2175) ("Motion") filed by Bellingham & Loyd, P.C. on October 15, 2014, and the objection thereto (Doc. 2180) ("Objection") filed by Jennifer Price and Lew McGinnis (collectively, the "Objecting Parties") on October 29, 2014. Upon consideration of the Motion and Objection, the entire record in this case, the evidence presented at the hearings held in November 2014 and January 2015, arguments of counsel, and applicable law, the Court finds and concludes as follows:

**I.    JURISDICTION**

This is a core proceeding as described by 28 U.S.C. § 157(b)(2)(A), (b)(2)(B), and (b)(2)(O). The Court has jurisdiction of this proceeding by virtue of 28 U.S.C. §§ 157, 1334, and Local Civil Rule 81.4(a) of the United States District Court for the Western District of Oklahoma.

## II.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

The findings of fact set forth in the Memorandum Opinion entered on September 10, 2015, are incorporated herein by reference.[1]  On December 16, 2013, the Macco Properties, Inc. ("MACCO") and NV Brooks Apartments, LLC ("Brooks") Chapter 11 cases were converted to cases under Chapter 7 of the Bankruptcy Code,[2] and Michael E. Deeba was appointed Chapter 7 Trustee (the "Chapter 7 Trustee").  An order approving the Chapter 7 Trustee's employment of Janice Loyd and James Bellingham, and the firm of Bellingham & Loyd, P.C., to serve as counsel ("Counsel") was entered on January 8, 2014.[3]

In the Motion, Counsel requests the allowance of fees for 132.1 hours of services rendered to the Chapter 7 Trustee from December 17, 2013 to October 15, 2014 in the amount of $29,825.00, and reimbursement of expenses in the amount of $1,115.74.  The Chapter 7 Trustee testified that 30 hours of the time billed in the Motion should be transferred to Counsel's Chapter 11 fee application.  This transfer was taken into account in the Order and Judgment granting Counsel's final application for fees for services rendered to the Chapter 11 Trustee.[4]  Accordingly, at issue in this Motion are 102.1 hours rather than 132.1 hours.

---

[1] Doc. 2410.

[2] Doc. 1909.

[3] Order, Doc. 1933.  The application for an order authorizing employment of Counsel was filed on December 19, 2013 (Doc. 1916).

[4] Doc. 2412.

A.    Specific Objections

    1.    Lack of Progress

The Objecting Parties contend that "Trustee and his counsel . . . have been involved in this case in their respective capacities as Chapter 7 Trustee and Trustee's counsel for approximately 10 months. Over the course of those ten months, the bankruptcy case is no closer to disposition than it was when the bankruptcy was first converted to Chapter 7 back in 2013."[5]

Counsel's time records show, and the testimony at the Fee Hearings[6] confirmed, that during that ten month period, Counsel not only assisted the Chapter 7 Trustee with tasks required to complete the administration of the MACCO and Brooks estates, but also was compelled to invest significant time and effort reacting to the dilatory tactics and ancillary litigation commenced by the Objecting Parties.

First, in January 2014, as required under the Conversion Agreement, Counsel drafted and filed motions to dismiss adversary proceedings against the Objecting Parties and their affiliates. When the Objecting Parties failed to execute and deliver the mutual releases promised in the Conversion Agreement, Counsel withdrew the motions to dismiss. Extensive time was then spent by Counsel attempting to procure original executed releases from the

---

[5]Objection, ¶ 7.

[6]"Fee Hearings" and other capitalized terms used herein are defined in the Memorandum Opinion.

Objecting Parties. On March 28, 2014, after obtaining the mutual releases, Counsel redrafted and refiled motions to dismiss the same adversary proceedings.[7]

In early April 2014, only days after delivering the releases, the Objecting Parties filed a federal lawsuit against Counsel, which Counsel was forced to defend and which the Objecting Parties ultimately dismissed with prejudice. Also in April 2014, Counsel prepared for and attended a Court-ordered settlement conference relating to challenges to all Chapter 11 professionals' final fee applications. When no settlement was reached, Counsel spent two weeks preparing for trial on the Chapter 11 Trustee's final fee application, which trial was suspended indefinitely when, on May 1, 2014, the Objecting Parties filed a motion to withdraw the reference of the Chapter 11 Trustee's fee application.[8] In addition to addressing the motion to withdraw the reference, throughout the summer of 2014, Counsel was forced to respond to the Objecting Parties' multiple efforts in the bankruptcy court and in the United States District Court to obtain authority to sue Trustee and his management professionals, including a request for derivative standing and permission under the Barton Doctrine.

The Objecting Parties are well aware that their distractions subsumed a large percentage of Counsel and Trustee's time during the ten months at issue herein, and impeded

---

[7]This two month effort is reflected in 22 time entries totaling 12.8 hours.

[8]Doc. 2061.

Trustee's efforts to efficiently move the Chapter 7 case toward closure. Their complaint that "the case is no closer to disposition" is not only disturbingly hypocritical, but also false.[9]

During those ten months, Counsel assisted Trustee in timely fulfilling his obligations under the Conversion Agreement including finalizing a list of allowed unsecured claims and filing a motion for approval of the 90% interim distribution to unsecured creditors (which drew an objection), and drafting and obtaining an order to do so; filing motions to dismiss the adversary proceedings against the Objecting Parties and their affiliates (which was complicated by their lack of cooperation, and which drew objections from creditors); drafting and filing monthly interim reports (as requested by the Objecting Parties as a term of the Conversion Agreement); filing a motion to obtain a bar date; and employing an accountant to prepare tax returns. Counsel diligently attempted to resolve the claim against First Specialty and move the case toward a final decree. The Objecting Parties are responsible for hindering and delaying the final disposition of this case, and their objection based on lack of progress toward completion of the case is **overruled**.

    2.    Demonstrable Benefit to the Estate

The Objecting Parties complain that Counsel should not be paid for services pursuing the estate's claims against third parties because Counsel's services have not been "fruitful," "there has been no real progress," and "[t]he estate is no closer to any real resolution of these

---

[9]Services relating to the lawsuits, the challenges to Chapter 11 fees, and the Barton Doctrine issues were billed in the Chapter 11 fee application rather in the Motion.

legal claims that would bring some sort of monetary gain to the estate."[10]  They are apparently referring to Counsel's services in connection with the estate's bad faith claims against its insurer, First Specialty.  They also argue that Counsel should not get paid for facilitating the interim 90% distribution to unsecured creditors because the "distribution was already decided and put into motion prior to the appointment of the Trustee in the Chapter 7 and prior to the Movant's employment as Chapter 7 Trustee's counsel."[11]

Contending that compensation cannot be awarded absent showing a specific monetary benefit to the estate,[12] the Objecting Parties state:  "Though hours were no doubt expended by the Movant over the past ten (10) months in this case, the Movant would be hard-pressed to show a demonstrable benefit that has been provided to the estate[.]"[13]

In the Tenth Circuit, fee applicants need not establish an actual "demonstrable benefit" to the estate in order to be compensated for services rendered to a trustee.[14]  Section 330(a)

---

[10]Objection, ¶ 9.

[11]Objection, ¶ 8.

[12]Objection at 4-5.

[13]Objection at 6.

[14]See In re Schupbach Investments, LLC, 521 B.R. 449 (Table), 2014 WL 6680122 at *8 (B.A.P. 10th Cir.).  Until recently, the Fifth Circuit required a fee applicant to prove that each service rendered "resulted in an identifiable, tangible, and material benefit to the bankruptcy estate." In re Pro-Snax Distributors, Inc., 157 F.3d 414, 426 (5th Cir. 1998), *overruled by* In re Woerner, 783 F.3d 266 (5th Cir. 2015).  But the Fifth Circuit has now held that the 1994 amendments to Section 330 "foreclose[] an actual-benefit test by requiring that the court evaluate the likelihood of benefit to the estate at the time the service was rendered." Woerner, 783 F.3d at 276.

requires a fee applicant to establish that its services were "necessary to the administration" of a bankruptcy case or "reasonably likely to benefit" the bankruptcy estate "at the time at which [the services] rendered" in order to be compensated.[15]

In any event, the services rendered by Counsel in the First Specialty litigation have in fact turned out to be "fruitful," as the litigation has been resolved to the benefit of both the Brooks and MACCO estates. The Court finds and concludes that the services reflected in Counsel's Motion laid the groundwork for the successful resolution of that claim.[16] Resolving the claim was "necessary to the administration" of the Brooks estate. Counsel's services advanced the Brooks estate toward closure, clearly meeting the standard of Section 330.

Likewise, assisting the Chapter 7 Trustee in making the 90% distribution to unsecured creditors soon after conversion was beneficial to the estate as it put money into the hands of unsecured creditors and halted further accumulation of interest.[17] The objection challenging the benefit of Counsel's services is **overruled**.

---

[15] 11 U.S.C. § 330(a)(3)(C) and (4)(A).

[16] Those services included employing special counsel to the Chapter 7 Trustee to pursue the action; extending the time to respond to First Specialty's motion to dismiss; responding to First Specialty's motion to dismiss; reviewing documents and assisting with the calculation of damages and the drafting of a demand letter; communicating and meeting with various parties involved in the litigation; and participating in settlement discussions. Time spent in connection with the First Specialty matter totaled 15.2 hours, which the Court finds reasonable.

[17] Time spent in connection with obtaining authority to make the interim distribution, making the distribution, and responding to inquiries of creditors totaled 5.1 hours, which the Court finds reasonable.

3. Fees for Preparing the Motion

The Objecting Parties assert that "it appears that roughly eleven (11) hours were expended in just creating the Motion."[18] Professionals are entitled to be paid for the reasonable amount of time required to prepare a fee application.[19] The Objecting Parties' post-conversion claims against the Chapter 11 Trustee and Counsel, and their objections to the Chapter 11 professionals' fee applications, caused Counsel to have to spend an inordinate amount of time parsing time entries to determine whether they should be billed as Chapter 11 services or Chapter 7 services. The Court finds and concludes that under the circumstances of this case, billing eleven hours to prepare the Motion is not unreasonable, and the objection is **overruled**.

4. Objections to Form and Content of Motion

Objections to the form and content of the Motion under the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330 ("Guidelines")[20] are **overruled** for the reasons as stated in Section III(C)(1) of the Memorandum Opinion.

---

[18] Objection, ¶ 10.

[19] See 11 U.S.C. § 330(a)(6).

[20] 28 C.F.R. Pt. 58, App. A. "Guidelines" objections include alleged "block-billing" and the alleged violation of the requirement that all time entries in a project category be reported together. The Court concludes that Counsel did not "block-bill." The United States Trustee has waived the project billing format guideline in the District. The Court finds that any other alleged deficiency in complying with the Guidelines is immaterial to the Court's review of the Motion and determination of the appropriate fee.

B.     Determination of a Reasonable Fee

The Court has reviewed each and every time entry relating to the 102.1 hours at issue in this Motion. The Court concludes that the time spent by Counsel in representing the Chapter 7 Trustee and assisting him in accomplishing tasks necessary to the administration of the Chapter 7 estate was extremely reasonable, averaging approximately 10 hours per month. Counsel was efficient and exercised keen billing judgment.

The Court notes that 2.6 hours were billed in the two days between the entry of the order converting the case and the filing of Counsel's application to be retained as counsel to the Chapter 7 Trustee. The Court concludes that these services to the Chapter 7 Trustee were necessary to the orderly transition from Chapter 11 to Chapter 7. Services included noticing the order of conversion to all appropriate parties, assisting in transferring the trustee surety bonds and the estates' bank accounts, drafting the application to employ Counsel, and tending to other immediate issues as they arose. Because Counsel was continuously employed under the order entered in the Chapter 11 case, the Court concludes that these services are compensable.

The Court also notes that as of the date of the Motion, October 15, 2014, Counsel anticipated rendering further services to the Chapter 7 Trustee and estimated it would spend an additional 20 hours on these tasks. According to the docket sheet, after October 15, 2014,

Counsel filed a trial brief;[21] filed two monthly interim reports;[22] and obtained an order authorizing the Chapter 7 Trustee to employ an accountant to prepare tax returns.[23] The Court cannot speculate on how much time Counsel spent on these matters and other matters that do not appear on the docket sheet, and therefore cannot allow compensation for such time.[24]

The Court therefore finds that Counsel is entitled to be compensated for 82.1 hours. For the reasons stated in the Memorandum Opinion, a reasonable rate for the services of Ms. Loyd and Mr. Bellingham is $300.00 per hour. With respect to the other Section 330(a) considerations and Johnson factors, the Court incorporates the Memorandum Opinion's findings and conclusions. The Court specifically finds that Counsel's services were necessary to the administration of the Chapter 7 estate, or were reasonably likely to benefit the estate, or were beneficial at the time at which the services were rendered toward completing the case; that the services were performed within a reasonable amount of time "commensurate with the complexity, importance, and nature of the problem, issue, or task addressed," and that there was no unnecessary duplication of services.[25]

---

[21] Doc. 2178.

[22] Docs. 2179, 2231.

[23] Doc. 2182.

[24] The Court notes that the Motion is not a final application for fees and Counsel may apply for fees for services rendered after October 15, 2014 before the Chapter 7 case is finally administered.

[25] 11 U.S.C. 330(a)(3)(C) and (D); 330(a)(4)(A)(i).

### III.   CONCLUSION

For the above-stated reasons, the Objection is overruled and the Motion is granted as follows:  **Bellingham & Loyd, P.C.** is awarded fees for services rendered to the Chapter 7 Trustee from December 17, 2013 to October 15, 2014, in the amount of $24,630.00,[26] and reimbursement of expenses in the amount of $1,115.74, for a total of **$25,745.74.**

**SO ORDERED** this 17th day of September, 2015.

DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE

---

[26] 82.1 hours x $300.00 per hour.