# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF OKLAHOMA

IN RE:                                    )
                                          )
**MACCO PROPERTIES, INC.,**               )     **Case No. 10-16682-R**
                                          )     **Chapter 7**
                                          )
**NV BROOKS APARTMENTS, LLC,**            )     **Case No. 10-16503-R**
                                          )     **Chapter 7**
                            Debtors.      )     **(Jointly Administered)**

---

**MICHAEL E. DEEBA, TRUSTEE,**            )
                                          )
                       Plaintiff,         )
                                          )
vs.                                       )     **Adv. No. 12-1118-R**
                                          )
**PINKERTON & FINN, P.C.,**               )
                                          )
                       Defendant.         )

---

**MICHAEL E. DEEBA, TRUSTEE,**            )
                                          )
                       Plaintiff,         )
                                          )
vs.                                       )     **Adv. No. 12-1137-R**
                                          )
**LEW S. MCGINNIS,**                      )
                                          )
                       Defendant.         )

---

**MICHAEL E. DEEBA, TRUSTEE,**            )
                                          )
                       Plaintiff,         )
                                          )
vs.                                       )     **Adv. No. 12-1138-R**
                                          )
**SUPERIOR FARM, LLC,**                   )
                                          )
                       Defendant.         )

MICHAEL E. DEEBA, TRUSTEE,   )
   )
            Plaintiff,   )
   )
vs.   )   **Adv. No. 12-1139-R**
   )
THE CORPORATE GROUP, LLC,   )
   )
           Defendant.   )

---

MICHAEL E. DEEBA, TRUSTEE,   )
   )
            Plaintiff,   )
   )
vs.   )   **Adv. No. 13-1022-R**
   )
JENNIFER A. PRICE,   )
   )
           Defendant.   )

---

MICHAEL E. DEEBA, TRUSTEE,   )
   )
            Plaintiff,   )
   )
vs.   )   **Adv. No. 13-1029-R**
   )
LEW S. MCGINNIS,   )
   )
           Defendant.   )
   )
COBBLESTONE APARTMENTS   )
OF TULSA, LLC; LARRY D. AND   )
JEANETTE A. JAMISON FAMILY   )
TRUST; AND JACKIE L. HILL, JR.,   )
   )
           Intervenors.   )

## ORDER DENYING MOTION TO RECUSE

Before the Court in each of the above-captioned cases and adversary proceedings is a Motion to Recuse (the "Motion") filed on May 2, 2016, by Lew S. McGinnis ("McGinnis") and Jennifer Price ("Price") (collectively, "Movants"); Affidavit of Lew McGinnis ("Affidavit") filed on May 5, 2016; and Cobblestone-Hill Objection to Motion to Recuse filed on May 9, 2016, by Cobblestone Apartments of Tulsa, LLC, and the Larry D. and Jeanette A. Jamison Family Trust (collectively, "Cobblestone") and Jackie L Hill, Jr. ("Hill").[1]

## JURISDICTION

The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334(b), 157(b)(1) and 157(b)(2), and Rule 81.4(a) of Local Civil Rules of the United States District Court for the Western District of Oklahoma.

## MOVANTS' ALLEGATIONS

On September 10, 2015, this Court entered a Memorandum Opinion after a lengthy trial on (1) Movants' objections to compensating Trustee and his professionals in the captioned bankruptcy cases and (2) Movants' affirmative claims against Trustee and his professionals. Movants assert that the Memorandum Opinion, which they characterize as an "unfavorable ruling," contains personal attacks against them that went beyond the scope of the Court's role in the cases.[2]  They allege that the portion of the Memorandum Opinion that

---

[1]Although responses or objections to the Motion were permitted, the Court advised parties in interest that, in the interests of just, speedy and inexpensive determination of the Motion, no response or objection needed to be filed.  See Order and Notice entered on May 3, 2016, in each of the captioned cases and adversary proceedings.

[2]Motion, ¶ 13.

addresses whether Movants were barred from obtaining equitable relief due to the "unclean hands" doctrine demonstrates the undersigned judge's "personal animosity and bias" toward them.[3]  Because of the alleged "personal animosity and bias," Movants "do not believe they will be afforded fair and impartial adjudication"[4] in the above-captioned adversary proceedings and assert that recusal is therefore required under 28 U.S.C. § 455(a) and (b)(1).

In addition, Movants argue that the undersigned judge must recuse in all of the captioned matters under 28 U.S.C. § 455(b)(2) because the undersigned judge and Movants' former counsel, Larry Pinkerton, at one time practiced law at the same firm.[5]

## RECUSAL DUE TO BIAS OR PREJUDICE UNDER § 455(b)(1)[6]

A judge shall disqualify herself if the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."[7]  Information about a party obtained by the judge other than from evidence presented to the court is sometimes referred to as coming from an "extrajudicial source."  The United States Supreme Court has stated –

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. [Citation omitted.] . . . Almost invariably, they are proper grounds for appeal, not for recusal. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current

---

[3]Id., ¶¶ 27-28.

[4]Id., ¶ 14.

[5]Id., ¶¶ 31-33.

[6]All section numbers referred to herein are of title 28 of the United States Code.

[7]28 U.S.C. § 455(b)(1).  Section 455 is made expressly applicable to bankruptcy judges by Bankruptcy Rule 5004(a).

proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.[8]

When a judge's opinion on the merits of a case derives from the evidence presented, and no extrajudicial source is involved, unfavorable judicial rulings can "only in the rarest circumstances evidence the degree of favoritism or antagonism required" for recusal.[9]

Movants present nothing more than broad and conclusory statements regarding the undersigned's alleged personal bias or prejudice. They complain that the Memorandum Opinion included not only rulings against them, but also "personal attacks."[10] The Memorandum Opinion was entered after consideration of mountains of evidence presented at a trial on the merits conducted over a period of ten days in November 2014 and January 2015. Movants do not contend that any extrajudicial source was involved.

Movants contend that the Court's application of the unclean hands doctrine to deny them the relief they requested demonstrates personal animosity and bias against them. Movants find evidence of the alleged animosity in the fact that the undersigned judge raised the doctrine *sua sponte,* and argue that finding them guilty of "unclean hands" was "entirely

---

[8]Liteky v. United States, 510 U.S. 540, 555 (1994) (citation omitted).

[9]Id.

[10]Motion, ¶¶ 12, 13.

unnecessary to the resolution of the litigation"[11] before the Court. Consideration of the Movants' conduct and behavior during the bankruptcy proceedings was absolutely necessary to determine the litigation before the Court, however. Movants mischaracterize the litigation as simply an adjudication of "a number of fee applications filed by various professionals,"[12] neglecting to mention that Movants objected to the allowance of *any* professional fees, or that Price asserted claims against the professionals seeking damages for breach of fiduciary duty, mismanagement, gross mismanagement and gross negligence, as a setoff to the fees being sought. It was in connection with those claims that the Court addressed whether Movants were barred from obtaining relief under the unclean hands doctrine.

The conclusions reached regarding Movants' "unclean hands" were based on "facts introduced or events occurring in the course of the current proceedings, or of prior proceedings."[13] *Sua sponte* application of the unclean hands doctrine does not evidence bias. When the Court observes inequitable conduct occurring within the proceeding before it, it is not required to turn a blind eye, and certainly cannot reward the conduct by granting the errant party the relief requested. As stated in the Memorandum Opinion, a plaintiff asking a court to grant equitable relief –

> "must come with clean hands." This doctrine "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief." . . . [W]hen facts warranting the application of the unclean hands doctrine come to a court's attention, the court should "close[]

---

[11]Motion, ¶ 28.

[12]Motion, ¶ 27.

[13]<u>Liteky</u>, 510 U.S. at 555.

the doors," and refuse to award any remedy to the party with unclean hands, in order to protect the integrity of the court.[14]

Moreover, the fee applicants themselves argued that it would be inequitable to allow Movants to deny them compensation for services that would not have been necessary *but for* Movants' conduct during the case.  The fact that they did not say the words "unclean hands" does not mean that Movants did not have fair notice of the fee applicants' intent to expose Movants' inequitable conduct in defense of their fee applications and in defense of the claims of wrongdoing Movants asserted against them.

Movants have not established that this is one of those exceedingly rare instances in which a judicial ruling displays the required "deep-seated and unequivocal antagonism that would render fair judgment impossible."[15]

## RECUSAL UNDER § 455(a) FOR APPEARANCE OF PARTIALITY

A judge is required to disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned."[16]  In the Tenth Circuit, a motion for recusal under § 455(a) must be timely filed.[17]  A party must "act promptly once it knows of the facts on which it relies in its motion [citation omitted].  A promptly filed motion conserves judicial resources

---

[14]Memorandum Opinion at 169-70, *quoting* Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co., 324 U.S. 806, 814 (1945).

[15]Liteky, 510 U.S. at 556.

[16]28 U.S.C. § 455(a).

[17]United States v. Pearson, 203 F.3d 1243, 1276 (10th Cir.), *cert. denied*, 530 U.S. 1268 (2000).

and alleviates the concern that it is motivated by adverse rulings or an attempt to manipulate the judicial process."[18]

Again, Movants' contention that the undersigned's impartiality might reasonably be questioned is based only on the findings of fact and conclusions of law set forth in the Memorandum Opinion.  The Motion was filed 235 days after the opinion was issued.  During the intervening months, Movants vigorously participated in hearings and pre-trial proceedings in the captioned cases and proceedings.  In November 2015, Movants presented evidence to this Court at hearings on joint motions to dismiss the captioned adversary proceedings.  In January 2016, a defendant in one of the captioned adversary proceedings filed an amended answer.  In early 2016, Movants contributed to Joint Reports and Discovery Plans that were filed in each of the six captioned adversary proceedings.  In March and April 2016, Movants filed responses to motions for summary judgment in two of the adversary proceedings.

The undersigned judge has invested significant judicial resources in the captioned matters since the Memorandum Opinion was entered.  The Court issued orders in connection with the matters heard in November 2015; issued a Report and Recommendation to the District Court regarding jurisdictional objections and jury trial rights in four of the adversary proceedings; conducted scheduling conferences in four of the adversary proceedings; and entered scheduling orders in all the adversary proceedings.  Two of the adversaries are set for trial on June 2, 2016.  While the orders setting the trials were entered in January 2016,

---

[18]Id., *citing* Willner v. Univ. of Kansas, 848 F.2d 1023, 1028-29 (10th Cir. 1988), *cert. denied*, 488 U.S. 1031 (1989).

Movants waited until May 2, 2016, to seek recusal. Nothing in the Motion or Affidavit explains the delay.

Movants' participation in the captioned matters, and the timing of their Motion, calls into doubt whether Movants sincerely believe that the undersigned's impartiality might reasonably be questioned. Cobblestone, MACCO's largest unsecured creditor, and Hill complain that the Motion is just another litigation tactic designed to delay Trustee's efforts to complete his administration of the captioned cases and make a final distribution, and that they will be prejudiced by the delay. The Court agrees and concludes that the request for recusal under § 455(a) was not timely filed.

Even if the Motion were timely, recusal of the undersigned under § 455(a) is not justified on the merits. The test under § 455(a) in this Circuit is "'whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.'"[19] The Tenth Circuit has stressed that the statute must not be so broadly construed to require recusal "upon the merest unsubstantiated suggestion of personal bias or prejudice."[20] Even if the judge is "exceedingly ill disposed" towards a party, if her opinion could be seen by a third party as reasonably formed from evidence presented at trial or based on prior

---

[19] United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993) *quoting* United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992).

[20] Id. (citations and quotations omitted).

proceedings, no basis for recusal exists.[21]  A judge has as strong a duty to sit when there is no reason to recuse as she does to recuse when the law and facts require recusal.[22]

In <u>Liteky v. United States</u>, the Supreme Court held that the extrajudicial source doctrine described in the section above also applies to § 455(a).[23]  Movants' only complaint about the undersigned's alleged partiality is based on the findings of fact and conclusions of law set forth in the Memorandum Opinion.  Although Movants may be offended by the Court's findings and rulings, they have not established that a third-party observer, fully informed of all the relevant facts, would find that the Memorandum Opinion displays the degree of deep-seated antagonism required to question the impartiality of the undersigned judge.

## RECUSAL UNDER § 455(b)(2)

Movants also assert that recusal is mandated under § 455(b)(2) because the undersigned judge and Movants' former counsel, Larry Pinkerton, at one time practiced law at the same firm and that Mr. Pinkerton will be a material witness in one of the adversary proceedings.  Under § 455(b)(2), a judge shall disqualify herself when any of four circumstances exist:

1.  When the judge in private practice served as a lawyer in the matter in controversy;

2.  When a lawyer with whom the judge practiced law served during such association as  lawyer concerning the matter in controversy;

[21]<u>Liteky</u>, 510 U.S. 540, 550-51 (1994).

[22]<u>See</u> <u>Hinman v. Rogers</u>, 831 F.2d 937, 939 (10th Cir. 1987).

[23]510 U.S. 540, 554 (1994).

3.   When the judge has been a material witness concerning the matter in controversy; or

4.   When the lawyer described in circumstance (2) has been a material witness concerning the matter in controversy.[24]

Immediately after reviewing the Motion, the undersigned examined her records and determined that her association with the Connor & Winters firm – and thus with Mr. Pinkerton – ended in August 1981.  The undersigned had no knowledge that, while in the same firm with Mr. Pinkerton, Mr. Pinkerton represented anyone, or was a material witness as to any issue, related to the controversies now before the Court.  Because Movants provided no factual support for recusal under § 455(b)(2) in the Motion, the Court gave Movants an opportunity to provide such support by affidavit.[25]

Movants filed the Affidavit of McGinnis in which he testified that he was told that the undersigned practiced at Connor & Winters during the 1980's, and that Mr. Pinkerton told him "that he had developed certain opinions regarding Judge Rasure and that she likewise may have developed her own opinions regarding Mr. Pinkerton,"[26] and that he is "concerned"

---

[24]In re Norton, 119 B.R. 332, 338 (Bankr. N.D. Ga. 1990).

[25]See Order Requiring Affidavit in Support of Motion to Recuse.  Movants were to "file affidavit(s) containing testimony of all persons with personal knowledge of facts that support their allegation that the undersigned (1) served as a lawyer *in any matter in controversy* in these cases and/or proceedings; or (2) while the undersigned practiced in the same firm as Mr. Pinkerton, Mr. Pinkerton served as a lawyer concerning any matter in controversy in these cases and/or proceedings; or (3) while the undersigned practiced in the same firm as Mr. Pinkerton, the undersigned or Mr. Pinkerton became a material witness concerning any matter in controversy in these cases."

[26]Affidavit, ¶ 3.

that the prior relationship "could form a bias that could affect" Movants.[27]  McGinnis admits

that he was "not aware of any other relationship between Mr. Pinkerton and Judge Rasure

other than that described herein *or that their tenure together overlapped with this case or*

*proceeding,* but . . . [was] concerned that their prior history could impact the decisions being

made."[28]

The fact that Mr. Pinkerton will be a material witness in one of the pending adversary

proceedings is insufficient to warrant disqualification.  Recusal is not required under

§ 455(b)(2) "unless the judge's former colleague served as a witness in the matter in

controversy during the judge's tenure with the firm, or the judge's former colleague plans to

testify in a current case concerning information he learned during the judge's tenure with the

firm."[29]  Recusal is not mandated under § 455(b)(2) in this case.

McGinnis's Affidavit establishes that Movants and their counsel knew, or should have

known, that their request for recusal under § 455(b)(2) had no basis in fact or law when it

was filed.  More troubling is that now that Movants admit that their § 455(b)(2) claim is

baseless, they have not withdrawn the request, compelling the undersigned to address the

argument.  The far-fetched contention that the undersigned had a disqualifying conflict under

§ 455(b)(2) could not have been made in good faith, and has wasted judicial resources and

---

[27]Id.

[28]Id., ¶ 5 (emphasis added).

[29]Old Republic Nat'l Title Ins. Co. v. Warner, 2013 WL 2403597, at *5 (N.D. W.Va. May 31, 2013).  See also United States v. O'Brien, 2014 WL 535663 (D. Mass. Feb. 6, 2014).

delayed the undersigned from addressing pressing substantive matters in these proceedings.

**CONCLUSION**

For the reasons stated herein, the Motion to Recuse is denied.

**SO ORDERED** this 23rd day of May, 2016.

DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE